**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TRADE WINDS TRANSPORT LLC, and ERIC GRACE, individually, and doing business as WEST COAST LOGISTICS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> RUSH ENTERPRISES, INC., RUSH TRUCK CENTERS OF GEORGIA, INC., RUSH TRUCK CENTERS OF FLORIDA, INC., INTERSTATE CREATIONS LLC, NAVISTAR, INC., TROY CLARKE, individually, DENNIS KING, individually, WILL NEWMAN, individually, WILLIAM MAURICE "RUSTY" RUSH, individually, DOUGLAS SHIELDS, individually, CHRISTOPHER VENTI, individually, JOSHUA VENTI, individually, JOHN DOE, individually, and ABC ENTITY, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. _____ <br><br> Removed from the Superior Court of Fulton County, Georgia, Civil Action File No. 2018CV311198 <br><br> JURY TRIAL DEMANDED |

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
PURSUANT TO BOTH FEDERAL QUESTION AND DIVERSITY**

Navistar Inc. ("Navistar"), with the consent of all defendants that the state

court docket reflects have been served, submits this timely-filed Notice of

Removal pursuant to 28 U.S.C. §§ 1331, 1332, and 1441 *et seq.*, and in support states as follows:

## A.    Background

### 1.    GENERAL

Plaintiffs assert four counts alleging the violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO")—two counts alleging violations of 18 U.S.C. § 1962(c) and two counts alleging violations of 18 U.S.C. § 1962(d).  In addition, excluding one defendant who was fraudulently joined, it is an action between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  Accordingly, removal of this action is proper on both federal question and diversity grounds.

Plaintiffs filed their Verified Complaint for Equitable Relief and Damages ("Complaint") on October 1, 2018, in the Superior Court of Fulton County, Georgia, Civil Action No. 2018CV311198.  (Ex. C-3).  The Complaint names Navistar, Troy Clarke, Rush Enterprises, Inc., Rush Truck Centers of Georgia, Inc., Rush Truck Centers of Florida, Inc., Interstate Creations LLC, Dennis King, Will Newman, William Maurice "Rusty" Rush, Douglas Shields, Christopher Venti, Joshua Venti, John Doe, and ABC Entity as Defendants.  Navistar was served with process on October 24, 2018.  A copy of the Affidavit of Service on

Navistar, Inc. is attached as Exhibit C-27.  A copy of the docket sheet in the state action is attached as Exhibit A.  An index of the documents filed in the state court action is attached as Exhibit B.  Copies of each document filed in the state court action are attached as Exhibits C-1 through C-32.

### 2.    CITIZENSHIP OF PARTIES

According to the Complaint at ¶ 1, Plaintiff Trade Winds Transport LLC ("Trade Winds") is a California limited liability company with its principal place of business in Redondo Beach, California, and thus is a citizen of California for diversity purposes.  28 U.S.C. § 1332(c)(1).

According to the Complaint at ¶ 2, Plaintiff Eric Grace ("Grace") is a resident of California with his principal place of business in Redondo Beach, California, and thus is a citizen of California for diversity purposes.  28 U.S.C. § 1332(c)(1).

Defendant Navistar is a Delaware corporation with its principal place of business in Lisle, Illinois, and thus is a citizen of Delaware or Illinois for diversity purposes.  28 U.S.C. § 1332(c)(1).

According to the Complaint at ¶ 3, Defendant Rush Enterprises, Inc. ("Rush Enterprises") is a Texas corporation with its principal office in New Braunfels,

Texas, and thus is a citizen of Texas for diversity purposes.   28 U.S.C. § 1332(c)(1).

According to the Complaint at ¶ 4, Defendant Rush Truck Centers of Georgia, Inc. ("Rush-Atlanta") is a Delaware corporation with its principal office in New Braunfels, Texas, and thus is a citizen of Delaware or Texas for diversity purposes.  28 U.S.C. § 1332(c)(1).

According to the Complaint at ¶ 5, Defendant Rush Truck Centers of Florida, Inc. ("Rush-Jacksonville") is a Delaware corporation with its principal office in New Braunfels, Texas, and thus is a citizen of Delaware or Texas for diversity purposes.  28 U.S.C. § 1332(c)(1).

According to the Complaint at ¶ 6, Defendant Interstate Creations LLC ("Interstate") is a Florida limited liability company with its principal office in Ocala, Florida, and thus is a citizen of Florida for diversity purposes.  28 U.S.C. § 1332(c)(1).

According to the Complaint at ¶ 8, Defendant Clarke is a resident of Illinois, and thus is a citizen of Illinois for diversity purposes.  28 U.S.C. § 1332(c)(1).

According to the Complaint at ¶ 9, Defendant Dennis King is a resident of Florida, and thus is a citizen of Florida for diversity purposes.   28 U.S.C. § 1332(c)(1).

According to the Complaint at ¶ 11, Defendant William Maurice "Rusty" Rush ("Rusty Rush") is a resident of Texas, and thus is a citizen of Texas for diversity purposes.  28 U.S.C. § 1332(c)(1).

According to the Complaint at ¶ 12, Defendant Douglas Shields is a resident of Texas, and thus is a citizen of Texas for diversity purposes.  28 U.S.C. § 1332(c)(1).

According to the Complaint at ¶ 13, Defendant Christopher Venti is a resident of Florida, and thus is a citizen of Florida for diversity purposes.  28 U.S.C. § 1332(c)(1).

According to the Complaint at ¶ 14, Defendant Joshua Venti is a resident of Florida, and thus is a citizen of Florida for diversity purposes.  28 U.S.C. § 1332(c)(1).

According to the Complaint at ¶¶ 10 and 23, Defendant Will Newman is a resident of Georgia, and thus is a citizen of Georgia for diversity purposes.  28 U.S.C. § 1332(c)(1).  However, as discussed below, Plaintiffs fraudulently joined Mr. Newman.

The citizenship of the defendants sued under fictitious names, John Doe and ABC Entity, is irrelevant because in determining whether a civil action is removable on the basis of the jurisdiction under 28 U.S.C. § 1332(a), the

5

citizenship of defendants sued under fictitious names must be disregarded. 28 U.S.C. § 1441(b)(1).

Counsel for each other defendant that the state court docket reflects has been served has informed counsel for Navistar that each such defendant consents to this removal.[1]

## 3.    CAUSES OF ACTION

This case centers around two sets of transactions.  The first is Plaintiff Eric Grace's alleged consulting agreement with Defendant Interstate wherein he, doing business as West Coast Logistics LLC, was to pay Interstate $1,000 a week for assistance in creating and operating a long-haul trucking business.  (Ex. C-3, Complaint at ¶¶ 2 and 49-51, and Ex. 3 (consulting agreement)).  The second is Plaintiff Trade Wind's alleged purchase of four used trucks (the "Trucks") for $129,879.76 from either Defendant Rush-Atlanta or Defendant Rush-Jacksonville. (*Id.* at ¶¶ 68-69 and Exs. 10-25).  Mr. Grace is alleged to be the owner of Trade Winds.  (*Id.* at ¶ 1).

Plaintiffs allege that Defendants Christopher and Joshua Venti are the owners and managers of Interstate, *id.* at ¶¶ 13-14, that the Ventis made

---

[1] A copy of the Notice of Consent to Removal of Defendants Rush Enterprises, Inc., Rush Truck Centers of Georgia, Inc., Rush Truck Centers of Florida, Inc., Dennis King, Will Newman William Maurice "Rusty" Rush, and Douglas Shields is attached as Exhibit D.

representations to Plaintiffs regarding what consulting services they would provide to Plaintiffs through Interstate, and that the Ventis and Interstate did not provide the services that the Ventis represented and that the consulting agreement stated would be provided.  (*See id. generally* at ¶¶ 32-53).  Plaintiffs allege that the Ventis also made representations to Plaintiffs touting the "Rush Certified Pre-Owned Program."  (*Id.* at ¶¶ 46-48).  Plaintiffs allege that Defendant Dennis King, as the New and Used Sales Manager of Rush-Jacksonville, *id.* at ¶ 9, made representations and omissions to Plaintiffs that led Plaintiffs to believe that the Trucks would be "Certified Pre-Owned" and covered by the "exclusive RushCare™ Protection Plan," and that Trade Wind purchased the Trucks based on those representations and omissions.  (*See id. generally* at ¶¶ 59-69 and 75-77). Plaintiffs allege that the Trucks either were not "Certified Pre-Owned" or did not meet the specifications of "Certified Pre-Owned" trucks, *see id. generally* at ¶¶ 70-139, and that, "on information and belief," either the "'exclusive RushCare™ Protection Plan' is a fiction" or "the Rush Entities, King and Nelson, intentionally excluded the RushCare™ Protection Plan from Trade Winds' purchase of the four Trucks."  (*Id.* at ¶¶ 78 and 80).  Finally, Plaintiffs essentially allege, generally based on "information and belief," that all the defendants or some combination of defendants conspired to defraud Plaintiffs specifically, and

7

prospective buyers generally, using the "Certified Pre-Owned" and "RushCare<sup>TM</sup>

Protection Plan" as ruses. (*See generally ¶¶* 140-162).

Plaintiffs allege a variety of causes of action against various combinations

of defendants in nineteen counts:

- Against Rush-Atlanta and Rush-Jacksonville:

    o "Breach of Contract – Violation of Express Warranties" (Count I);

    o "Breach of Contract – Violation of Implied Warranties of Merchantability" (Count II);

    o "Breach of Contract – Violation of Implied Warranties of Fitness for a Particular Purpose" (Count III);

    o "Breach of Contract – Implied Covenant of Good Faith and Fair Dealing" (Count IV);

    o "Breach of Contract – Severability" (Count V); and

    o "Contract Rescission" (Count VI)

- Against Interstate:

    o "Breach of Contract – Violation of Express Warranties" (Count VII);

    o "Breach of Contract – Implied Covenant of Good Faith and Fair Dealing" (Count VIII); and

    o "Contract Rescission" (Count IX)

- Against All Defendants:

  - "Fraud in the Inducement" (Count X);

  - "Deceit" (Count XI);

  - "Constructive Fraud" (Count XII); and

  - "Civil Conspiracy" (Count XIII);

- Against All Natural-Person Defendants:

  - "Federal RICO - 18 U.S.C. 1962(c)" (Count XIV);

  - "Federal RICO - 18 U.S.C. 1962(d)" (Count XV); and

  - "O.C.G.A. 4 16-14-4 [ – Georgia RICO]" (Count XVIII)

- Against All Business-Entity Defendants:

  - "Federal RICO - 18 U.S.C. 1962(c)" (Count XVI);

  - "Federal RICO - 18 U.S.C. 1962(d)" (Count XVII); and

  - "O.C.G.A. 16-14-4 – Georgia RICO" (Count XIX).

**B.    Removal Is Proper Because a Federal Question Is Involved**

Plaintiffs assert two counts alleging violations of 18 U.S.C. § 1962(c) and two counts alleging violations of 18 U.S.C. § 1962(d).   Federal RICO claims indisputably permit removal pursuant to 28 U.S.C. § 1441 based on federal-question jurisdiction under 28 U.S.C. § 1331.  *See, e.g.*, *Blevins v. Askut*, 849 F.3d 1016, 1018 (11th Cir. 2017) ("It is undisputed that Plaintiffs' complaint alleges

that Defendants violated federal RICO statutes—that is, it pleads a federal question—and that Defendants removed based on federal-question jurisdiction under 28 U.S.C. § 1331."); *Braswell Wood Co. v. Waste Away Grp., Inc.*, 2011 U.S. Dist. LEXIS 62337, *7, 2011 WL 2292311, *2 (M.D. Ala. June 9, 2011) ("Plaintiff's Second Amended Complaint included a RICO claim that unquestionably invoked this court's subject matter jurisdiction and obviated any inquiry into the propriety of Defendants' removal."); *Eagletech Commc'ns Inc. v. Citigroup, Inc.*, 2008 U.S. Dist. LEXIS 49432, *57, 2008 WL 3166533, *16 (S.D. Fla. June 27, 2008) ("There is no question in this case that the federal RICO claims, Counts I–IV, arise under the laws of the United States so that federal question jurisdiction has been established...."). Moreover, "the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998).

This Court also has supplemental jurisdiction over Plaintiffs' nonfederal causes of action. 28 U.S.C. § 1367; 28 U.S.C. § 1441(c); *see* Ex. C-3, Complaint (Counts I-XIII and XVIII-XIX). Pursuant to 28 U.S.C. § 1367(a), these state law causes of action are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. Indeed,

Plaintiffs allege the same core facts of alleged false statements related to the sale of "Certified Pre-Owned" trucks that are part and parcel of all of Plaintiffs' claims.

## C.   Removal is Proper Because There is Diversity of Citizenship

This is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  For purposes of federal diversity jurisdiction, the parties have the citizenships set forth above. This action is removable because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).  Moreover, "none of the parties in interest ***properly joined*** and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b) (emphasis added).  Although one defendant, Will Newman, is alleged to be a resident of Georgia, Plaintiffs fraudulently joined him. Removal of this action is proper pursuant to 28 U.S.C. § 1441.

### 1.   PLAINTIFFS FRAUDULENTLY JOINED MR. NEWMAN

Plaintiffs assert causes of action against Mr. Newman and every other defendant for "Fraud in the Inducement" (Count X), "Deceit" (Count XI), "Constructive Fraud" (Count XII), and "Civil Conspiracy" (Count XIII), and a causes of action against Mr. Newman and every other natural person defendant for violation of the Federal RICO statute (Counts XIV and XV) and the Georgia RICO statute (Count XVIII).   However, aside from allegations asserting

11

Mr. Newman is a resident of Georgia, the only ***factual*** allegations in the Complaint regarding Mr. Newman are:

- "Newman is the District Used Truck Sales Manager of Rush-Atlanta." (Ex. C-3, Complaint, at ¶ 10);

- "A driver employed by Plaintiffs took physical possession of Truck #001 from Newman at Rush-Atlanta …" (*Id.* at ¶ 84); and

- "A driver employed by Plaintiffs took physical possession of Truck #002 from Newman at Rush-Atlanta …" (*Id.* at ¶ 98).

Taken as true, and in combination with the Complaint's other allegations, these allegations are insufficient to establish that Mr. Newman could be liable for any of the causes of action asserted against him.

Every other allegation in the Complaint mentioning Mr. Newman is conclusory and merely lumps Mr. Newman in with other defendants without alleging any conduct performed specifically by Mr. Newman.  Moreover, most are based "on information and belief," relate only to causes of actions not alleged against Mr. Newman, and/or are formalistic allegations relating to participation in enterprises under the RICO statutes or damages.

As the Complaint at ¶10 acknowledges, Mr. Newman is merely an employee of Rush-Atlanta.  Plaintiffs' allegations all involve Mr. Newman acting within the course and scope of his employment and at the direction of Rush

Atlanta.  There is simply no nexus between Plaintiffs' causes of action and Mr. Newman as an individual.  Plaintiffs merely throw in Mr. Newman's name with the allegations against his employer in a fraudulent attempt to destroy diversity.  For example,

- "On information and belief, the Rush Certified Pre-Owned Program is a marketing ploy conceived by Navistar, the Rush Entities, Clarke, Rusty Rush, Shields, King and *Newman* in collusion with the Ventis and Interstate to foist defective, unreconditioned used vehicles on an unsuspecting public."  (*Id.* at ¶ 73) (emphasis added);

- "On information and belief, the Ventis, Navistar, Clarke, ABC Entity, the Rush Entities, Rusty Rush, Shields, King, *Newman* and John Doe knew that Rush Enterprises' inventory of used 2012 International Prostar® Plus LF 627 Premium tractor trucks on the Special Inventory List were not 'remanufactured,' subjected to a rigorous 143-point inspection and pre-certification road test and/or reconditioned to manufacturers specifications."  (*Id.* at ¶ 151) (emphasis added); and

- "The Ventis, King, *Newman*, Rusty Rush, Shields, Clarke and John Doe (hereinafter, collectively the 'Individual Defendants'), by and through each other and Rush Enterprises, Rush-Atlanta, Rush-Jacksonville, Navistar, Interstate and ABC Entity (hereinafter, collectively the 'Business Entity Defendants'), engaged in a systematic and ongoing scheme with the intent to defraud, deceive, mislead, and/or fraudulently induce prospective buyers to purchase used 2012 International Prostar® Plus LF 627 Premium rear wheel drive Class 8 commercial tractor trucks from the Rush Entities rather than the used vehicles of other competitors in the used tractor truck market. Defendants knowingly devised or knowingly participated in a scheme or artifice to defraud Grace and Trade Winds and/or to obtain the money or property of Grace or Trade Winds by means of fraudulent pretenses, representations, or promises in violation of 18 U.S.C. § 1843."  (*Id.* at ¶ 153) (emphasis added).

13

- "Alternatively, if the 'exclusive RushCareTM Protection Plan' is not a fraud and does, in fact, include a three-year or 500,000 extended powertrain warranty on the engine, transmission, and axle systems, then, on information and belief, the Rush Entities, King and **Nelson [sic]**, intentionally excluded the RushCareTM Protection Plan from Trade Winds' purchase of the four Trucks." (*Id.* at ¶ 80) (emphasis added).

- "On information and belief, the Rush Entities, Shields, King and Newman intentionally failed to deliver copies of the 'exhaustive 143-point inspection and pre-certification road test' because the inspections and road tests were not conducted on the four Trucks." (Id. at ¶ 175)  (emphasis added) (Count I, "Breach of Contract – Violation of Express Warranties").

In Counts II-III, which assert breaches of the implied warranties of merchantability and fitness for a particular purpose, the allegations mentioning Mr. Newman simply allege that Mr. Newman and various other defendants "knew of the particular purpose for which Trade Winds and Grace intended to use the four Trucks" and that "Grace and Trade Winds were relying on their skill or judgment." (*Id.* at ¶¶ 188, 189, 199, and 200).  These allegations are also conclusory and, in any event, are unrelated to any claims actually asserted against Mr. Newman.

There are no allegations mentioning Mr. Newman in the counts asserting claims against all Defendants ("Fraud in the Inducement" (Count X), "Deceit" (Count XI), "Constructive Fraud" (Count XII), and "Civil Conspiracy" (Count XIII)).  (See *id.* generally at ¶¶ 262-297).  Indeed, Mr. Newman is not mentioned

14

again until Count XIV, the § 18 U.S.C. 1962(c) RICO claim against every natural person defendant.

Most of the allegations in the RICO counts mentioning Mr. Newman merely assert that he is a member of an "enterprise" or is a "person" within the meaning of a RICO statute. As with the rest of the Complaint, the remaining RICO allegations against Mr. Newman are also conclusory, add no new factual allegations about specific conduct performed specifically by Mr. Newman, and/or are formalistic. For example,

- "As alleged in Count XIV, one or more of the following individuals violated 18 U.S.C. § 1962(c): Chris Venti, Josh Venti, King, Shields, *Newman*, Rusty Rush, Clarke and/or John Doe. Any person(s) who is found to have violated 18 U.S.C. § 1962(c) is hereinafter referred to as the 'Operator / Manager(s)' for the remainder of this Count XV. At all relevant times, the Operator/ Manager(s) were engaged in, and their activities affected, interstate commerce." (*Id.* at ¶ 358) (emphasis added);

- "Chris Venti, Josh Venti, King, Shields, Newman, Rusty Rush, Clarke and/or John Doe conspired with the Operator / Manager(s) to conduct or participate, directly or indirectly, the affairs of the enterprises (*see* ¶¶ 304 to 355 *supra*) through a pattern of racketeering activity (*see* ¶¶ 1 to 163 *supra*) in violation of 18 U.S.C. § 1962(d). In particular, Chris Venti, Josh Venti, King, Shields, *Newman*, Rusty Rush, Clarke and/or John Doe intended to or agreed to further an endeavor of the Operator / Manager(s) which, if completed, would satisfy all of the elements of a substantive federal RICO criminal offense under 18 U.S.C. § 1962(c) and adopted the goal of further or facilitating the criminal endeavor." (*Id.* at ¶ 359) (emphasis added);

15

In summary, the factual allegations made against Mr. Newman cannot establish that he is liable for any of the causes of action asserted against him. It is clear that because he was an employee of Rush-Atlanta, Plaintiffs included him merely to defeat diversity.

### 2.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

Plaintiffs do not make a specified demand for damages in the Complaint, but it is apparent from the face of the Complaint that the amount in controversy exceeds $75,000.00.

"If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement.'"  *Roe v. Michelin North America, Inc.*, 613 F. 3d 1058, 1061 (2010), quoting *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000).  "If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden."  *Id.*  Moreover, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."  *Id.*

16

For each count, Plaintiffs allege:

. . . Plaintiffs have suffered damages, including, with limitation, the following:

    (i)     Loss of revenue and earnings to Trade Winds;

    (i)     Complete loss of Grace's investment in Trade Winds;

    (iii)   Trade Winds' insolvency and business failure;

    (iv)   Loss of income to Grace;

    (v)    Damage to Grace's reputation and credibility as a business person, entrepreneur and manager; and

    (vi)   Grace's severe emotional distress, which resulted in an almost fatal heart attack, medical complications and heart and kidney transplants.

(Ex. C-1, Complaint, at ¶¶ 182, 194, 204, 215, 223, 233, 243, 250, 257, 267, 277, 284, 294, 354, 362, 392, 399, 450, 451, and 481). Plaintiffs seek both actual damages and treble damages. (*See generally, id.*). As discussed above, Trade Wind is alleged to have purchased the trucks at issue for $129,879.76, *id.* at ¶¶ 68-69 and Exs. 10-25, and Mr. Grace is alleged to be the owner of Trade Winds. *Id.* at ¶ 1. The claim for the "[c]omplete loss of Grace's investment in Trade Winds" alone makes the amount in controversy exceed $75,000.00. Thus, Navistar affirmatively states that the amount in controversy exceeds $75,000.00, a statement which Plaintiffs surely will not dispute.

17

In conclusion, excluding the fraudulently joined Mr. Newman, this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. It is removable under 28 U.S.C. § 1441.

**D.     Venue Is Proper in This Court**

Venue is proper in this Court under 28 U.S.C. §§ 90(a)(2), 1391, 1441(a), and 1446(a) because Fulton County, the county where the state court action was filed, falls within the United States District Court for the Northern District of Georgia, Atlanta Division.  LR App. A, I, NDGa.

**E.     Removal is Timely**

This Notice of Removal is timely, as it is filed within thirty (30) days of service of process upon Navistar of the Complaint.  28 U.S.C. § 1446(b)(l).

A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of Fulton County, Georgia.  A copy of this Notice of Removal is also being served upon Plaintiffs' counsel.

Navistar demands that the trial of this matter in federal court be heard by a full jury.

**WHEREFORE,** Navistar, Inc. respectfully gives notice that the action now pending in the Superior Court of Fulton County, Georgia, Civil Action

No. 2018CV311198, is removed from that state court to this United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 8th day of November 2018.

/s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
richard.north@nelsonmullins.com
Steven H. Campbell
Georgia Bar No. 161457
steven.campbell@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Facsimile:  (404) 322-6050

**ATTORNEYS FOR DEFENDANT NAVISTAR, INC.**

**CERTIFICATION OF COMPLIANCE AS TO FONT SIZE**

The undersigned counsel certifies that the foregoing pleading has been prepared with 14 point Times New Roman font, which is one of the fonts and point selections approved by the Court in LR 5.1C, NDGa.

/s/ Richard B. North, Jr.
Richard B. North, Jr.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **Notice of Removal of Action Under 28 U.S.C. § 1441 Pursuant to both Federal Question and Diversity** in the above-captioned matter with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| **Robert Arkin LLC d/b/a Arkin.Law** | **Hawkins Parnell Thackston & Young** |
| Robert Arkin | Joseph Wieseman |
| robert@arkin.law | jwieseman@hptylaw.com |
| 50 Hurt Plaza S.E., Ste. 1428 | Carl H. Anderson |
| Atlanta, GA 30303 | canderson@hptylaw.com |
| | 303 Peachtree Street, N.E., Ste. 4000 |
| | Atlanta, GA 30308 |

and the below parties will be served via U.S. Mail to the following address:

Troy Clarke
2701 Navistar Dr.
Lisle, IL 60532

Joshua  Venti
Christopher Venti
Interstate Creation LLC
4444 SW 115th St.
Ocala, FL 3476

This 8th day of November, 2018.

21

/s/ Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599
richard.north@nelsonmullins.com